Appeal from Wichita County Court; Harvey Harris, Judge.

Levi Woods was convicted of an aggravated assault and battery upon a female, and he appeals. Judgment affirmed.

Martin & Oneal, of Wichita Falls, for appellant. John Davenport, Asst. Co. Atty., of Wichita Falls, and C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant, an adult male, was convicted of an aggravated assault and battery upon a female. There is but one question in the case, and that is whether the court should have given a charge on alibi.

[1] It seems now to be the settled rule "that, unless the testimony fails to exclude the idea of accused's presence at the time of the commission of the offense, a charge upon the subject of alibi need not be given," and "in no case should a cause be reversed for the refusal of such a charge, unless, in the light of all the testimony, the evidence excludes the theory of appellant's presence at the place of the crime," as said by this court through Judge Ramsey in Underwood v. State, 55 Tex. Cr. R. 605, 117 S. W. 809. The rule is thus again stated: A charge on alibi is not required if defendant's theory is not inconsistent with the state's theory that he was present at the commission of the offense. Underwood v. State, 55 Tex. Cr. R. 604, 117 S. W. 809; Parker v. State, 40 Tex. Cr. R. 121, 49 S. W. 80. And see Hernandez v. State, 64 Tex. Cr. R. 73, 141 S. W. 268; Myers v. State, 65 Tex. Cr. R. 448, 144 S. W. 1134.

[2] The state's theory and testimony was that appellant committed an assault and battery upon his paramour, Mattie Lee Williamson, at her room over the garage on the Ferguson place at 12:30 o'clock at night. The state did not claim that the offense was committed at any other time or place. The testimony of the officer was that he saw the assault and battery committed at this time and place, and that immediately after he saw it he went up into this woman's room and found only appellant and her therein, and no one had left there from the time he saw the assault and battery until he reached the room. Both appellant and the woman testified that he was there at that time, but both denied that he then or at any other time or place committed any assault or battery upon her. She further testified that some unknown "chufty or heavy built" negro man assaulted her at 10:40 that night, not in her room at all, but elsewhere in the back yard of the Ferguson premises. She and appellant both further testified that appellant was not there at that time, 10:40, but he shows that he was elsewhere at that particular time. They both further swear that appellant came to her room about one hour later,

and remained there continuously until the assault and battery testified to by the other state's witness occurred.

The court in his charge, after properly defining the offense as alleged, required the jury to find and believe from the evidence beyond a reasonable doubt, that appellant, being an adult male, then and there committed an aggravated assault and battery upon said woman. In addition, he gave the usual charge that the defendant is presumed to be innocent until his guilt is established by legal and competent evidence beyond a reasonable doubt, and, if they had such doubt, to acquit him.

Under the facts of this case and the law, the court committed no reversible error in refusing to charge on alibi.

The judgment is affirmed.

RANDLE v. STATE. (No. 4188.)

(Court of Criminal Appeals of Texas. Oct. 18, 1916.)

CRIMINAL LAW ⌖1097(4)—APPEAL—RECORD —NECESSITY OF STATEMENT OF FACTS.

In the absence of a statement of facts, materiality of alleged newly discovered evidence to warrant new trial is not reviewable.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2934, 2938, 2939; Dec. Dig. ⌖1097(4).]

Appeal from San Augustine County Court; T. H. Downs, Judge.

Bully Randle was convicted of selling intoxicating liquors in prohibition territory, and appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was convicted of selling intoxicating liquors in prohibition territory.

In the motion for a new trial appellant claims to have discovered additional testimony. In the absence of a statement of facts, it is impossible for us to determine whether or not this alleged newly discovered testimony would be material. The trial judge evidently held it was not, in overruling the motion for a new trial, and we cannot say he erred with no record of the evidence heard on the trial, nor on the motion, before us.

The judgment is affirmed.

SPARKS v. STATE. (No. 4195.)

(Court of Criminal Appeals of Texas. Oct 18, 1916.)

CRIMINAL LAW ⌖1090(1)—RECORD — STATEMENT OF FACTS—BILL OF EXCEPTIONS—REVIEW.

Where the record is without a statement of facts or bill of exceptions, no question is presented for review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2805; Dec. Dig. ⌖1090(1).]

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

Henry Sparks was convicted of murder, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted of murder, his punishment being assessed at 25 years' confinement in the penitentiary.

The record is before us without a statement of facts or bill of exceptions. With the record in this condition, there is no question presented for review.

The judgment is affirmed.